# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **KEVIN CREWS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| **v.** ) | |
| ) | Civil Action Number |
| **CITY OF TARRANT MAYOR** ) | **2:17-cv-01663-AKK** |
| **LOXCIL B. TUCK,** *et al.* ) | |
| ) | |
| **Defendant.** | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Kevin Crews brings this action asserting a claim under 42 U.S.C. § 1983 and state law torts claims against Mayor Loxcil Tuck; Chief Dennis Reno, Lieutenant Larry Rice, and Detective George Phillip (collectively "the Officers"); and Hatcher Heavy Duty Services, Inc., Terry Hatcher, and Jessica Beech (collectively "the Hatcher Defendants").[1] Doc. 1. Before the court are Mayor Tuck's motion to dismiss, doc. 2, and the Officers' motion to dismiss, doc. 3. Both motions are fully briefed, docs. 2-1, 3-1, 6, 11, 12, and ripe for review. For the reasons explained more fully below, both motions are due to be granted.

---

[1] Crews also states claims against the Tarrant Police Department, but concedes that it is not a legal entity capable of being sued. Doc. 6 at 4. Accordingly, the claims against the Tarrant Police Department are due to be dismissed.

# I. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are insufficient. *Iqbal*, 556 U.S. at 678 (citations and internal quotation marks omitted). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 557).

Federal Rule of Civil Procedure 12(b)(6) permits dismissal when a complaint fails to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citations and internal quotation marks omitted). A complaint states a facially plausible claim for relief "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). The complaint must establish "more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Bell*

*Atl. Corp.*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level."). Ultimately, this inquiry is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

## II. FACTS[2]

On March 14, 2014, the Officers and the Hatcher Defendants searched a trailer on Crews' residence pursuant to an "alleged search warrant." Doc. 1 at 4. Subsequently, Lieutenant Rice and Detective George obtained additional "alleged search warrants" for Crews' entire residence, which the Officers and the Hatcher Defendants searched over the course of four days. *Id.* The Officers and the Hatcher Defendants seized various property belonging to Crews, most of which the Defendants have not returned. *Id.* The property which the Defendants have returned to Crews is damaged. *Id.* Crews filed this lawsuit on September 28, 2017. *Id.* at 1-6.

## III. ANALYSIS

Crews asserts a § 1983 claim for violation of the Fourth and Fourteenth Amendments (Count I), a state law conversion claim (Count II), and a state law theft claim (Count III) against all Defendants. *Id.* at 4-7. Mayor Tuck moves for dismissal on the grounds that Crews' § 1983 claim is barred by the statute of

---

[2] The court recites the facts as alleged in Crews' Complaint. *See Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (citation omitted).

limitations, that he fails to allege any factual allegations concerning Mayor Tuck, and that his claims are barred by his settlement in a previous civil forfeiture action. Doc. 2-1. The Officers join in Mayor Tuck's motion, and additionally move for dismissal of the § 1983 claim against them on the basis of qualified immunity, and dismissal of the state law claims against them on the grounds of state agent and peace officer immunity. Doc. 3-1. The materials before the court support a finding that Crews' claims are barred by his settlement, which states that "[a]ll other claims to and/or related to said property made by the Claimant or the parties arising out of this action or that could have been asserted within this action, if any, are forever barred."[3] Doc. 2-5 at 6. Alternatively, the statute of limitations, failure to allege facts, and immunity issues raised by the movants are sufficient to resolve the motions.

## A. Statute of Limitations

"Because section 1983 does not contain a statute of limitations, reference must be made to the limitation periods prescribed by the state in which the litigation arose." *Majette v. O'Connor*, 811 F.2d 1416, 1419 (11th Cir. 1987).

---

[3] The court may take judicial notice of the records of state court proceedings without converting the motion to dismiss to a motion for summary judgment. *Odion v. Google Inc.*, 628 F. App'x 635, 638 (11th Cir. 2015) (citing Fed. R. Evid. 201(b); *SFM Holdings, Ltd. v. Banc of Am. Sec., LLC*, 600 F.3d 1334, 1337 (11th Cir. 2010); *Trustmark Ins. Co. v. ESLU, Inc.*, 299 F.3d 1265, 1268 (11th Cir. 2002); *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1280 (11th Cir. 1999)); *ITT Rayonier Inc. v. United States*, 651 F.2d 343, 345 n.2 (5th Cir. 1981) ("Such notice [of the records of inferior courts] is particularly appropriate if it is of a settlement which may moot a case") (citations omitted).

"[T]he most appropriate statute of limitations for all section 1983 actions is the personal injury statute of limitations of the state whose law is to be applied." *Id.*; *see Wilson v. Garcia*, 471 U.S. 261 (1985); *Burnett v. Grattan*, 468 U.S. 42 (1984). Federal courts in Alabama apply the state's two-year statute of limitations. *See Lufkin v. McCallum*, 956 F.2d 1104, 1105 (11th Cir. 1992); ALA. CODE § 6-2-38(1). "Under the discovery accrual rule, the discovery of the injury, not discovery of the other elements of a claim, is what starts the clock." *Rotella v. Wood*, 528 U.S. 549, 555 (2000); *see Rasheed v. McNamara*, 2008 WL 594763, at *3 (N.D. Ga. 2008) (applying discovery accrual rule to § 1983 claim).

Mayor Tuck contends that the statute of limitations on Crews' § 1983 claim began to run on March 17, 2014, the date the Officers completed the search in question. Doc. 2-1 at 10. Crews contends that the statute began to run on September 26, 2016, the date of the final order in the civil forfeiture action, arguing that he could not have known his property was damaged or missing until after this date. Doc. 6 at 4 (citing doc. 2-5). However, his § 1983 claim is premised on the alleged violation of the Fourth and Fourteenth Amendments related to the search. Doc. 1 at 4-5. To state a claim, he must show that the search at issue violated his Fourth Amendment right to be free from unreasonable searches and seizures. *Skop v. City of Atlanta, GA*, 485 F.3d 1130, 1137 (11th Cir. 2007). Alleged damage to his property sustained during the search is not an issue covered

by the Constitution, and one he can seek relief for on other grounds. Moreover, Crews' Complaint makes no reference to the civil forfeiture action, instead premising the § 1983 claim solely on the March 2014 search. *See* doc. 1. Thus, by his own pleadings, Crews knew or should have known of his injury no later than March 17, 2014, the date the search was completed. Accordingly, the § 1983 claim is barred by the statute of limitations and due to be dismissed against Mayor Tuck and the Officers.

### B. The Lack of Factual Allegations against Mayor Tuck

Crews' complaint contains no factual allegations regarding Mayor Tuck. *See* doc. 1. Nevertheless, he contends that the court should not dismiss his claims against her because she "is the Commander in Chief, and is responsible for the actions of the Police Department," and because he "needs discovery to determine what role the Mayor played in formulating the actions against [him]." Doc. 6 at 4. However, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citations and internal quotation marks omitted). Where, as here, a plaintiff makes no factual allegations whatsoever regarding a defendant, there can be no plausible claim for relief against that defendant. Accordingly, all claims against Mayor Tuck are due to be dismissed.

## C. Qualified Immunity

The defense of qualified immunity reflects both "the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). Accordingly, "government officials performing discretionary functions are immune not just from liability, but from suit, unless the conduct which is the basis for [the] suit violates clearly established federal statutory or constitutional rights of which a reasonable person would have known." *Sanders v. Howze*, 177 F.3d 1245, 1249 (11th Cir. 1999). "'[A]ll but the plainly incompetent or one who is knowingly violating the federal law'" are entitled to the protection of qualified immunity. *Lee v. Ferraro*, 284 F.3d 1188, 1194 (11th Cir. 2002) (quoting *Willingham v. Loughnan*, 261 F.3d 1178, 1187 (11th Cir. 2001)). Qualified immunity, however, "does not extend to one who knew or reasonably should have known that his or her actions would violate the plaintiff's federal rights." *Gaines v. Wardynski*, 871 F.3d 1203, 1207 (11th Cir. 2017).

As a threshold matter, a public official must have acted within the scope of her discretionary authority to invoke qualified immunity. *Jones v. Fransen*, 857 F.3d 843, 851 (11th Cir. 2017). Discretionary authority includes "all actions of a governmental official that (1) 'were undertaken pursuant to the performance of his

duties,' and (2) were 'within the scope of his authority.'" *Jordan v. Doe*, 38 F.3d 1559, 1566 (11th Cir. 1994) (quoting *Rich v. Dollar*, 841 F.2d 1558, 1564 (11th Cir. 1988)). When conducting this inquiry, the court must put aside "the fact that [the act] may have been committed for an unconstitutional purpose, in an unconstitutional manner, to an unconstitutional extent, or under constitutionally inappropriate circumstances." *Holloman ex rel. Holloman v. Harland*, 370 F.3d 1252, 1266 (11th Cir. 2004).

Crews concedes that the Officers were acting within the scope of their discretionary authority as law enforcement officers. Doc 6 at 4. Thus, "'the burden shifts to [Crews] to show that qualified immunity is not appropriate.'" *Vinyard v. Wilson*, 311 F.3d 1340, 1346 (11th Cir. 2002) (quoting *Lee*, 284 F.3d at 1194). To make this showing, "the plaintiff must demonstrate . . . the following two things: (1) that the defendant violated her constitutional rights, and (2) that, at the time of the violation, those rights were 'clearly established . . . in light of the specific context of the case, not as a broad general proposition.'" *Gaines*, 871 F.3d at 1208 (quoting *Saucier v. Katz*, 533 U.S. 194, 201 (2001), *overruled, in part, on other grounds by Pearson v. Callahan*, 555 U.S. 223 (2009)). The court "may decide these issues in either order, but, to survive a qualified-immunity defense, [the plaintiff] must satisfy both showings." *Jones*, 857 F.3d at 851. Crews contends he has a clearly established right to have his seized property properly cared for by law

enforcement and to have any property that is not forfeited returned undamaged, but cites no case law to show that this right is clearly established in support of his contention. *See* doc. 6 at 4-5. Additionally, Crews' claim fails because his Complaint does not allege that the Officers caused the damage to his property. *See* doc. 1. Accordingly, Crews' § 1983 claim against the Officers is also due to be dismissed on qualified immunity grounds.

### D. State Agent and Peace Officer Immunity

Under Alabama law, "[e]very peace officer . . . shall have immunity from tort liability arising out of his or her conduct in performance of any discretionary function within the line and scope of his or her law enforcement duties." Ala. Code § 6-5-338(a). However, "a State agent shall not be immune from civil liability in his or her personal capacity . . . when the State agent acts willfully, maliciously, fraudulently, in bad faith, beyond his or her authority, or under a mistaken interpretation of the law." *Ex parte Cranman*, 792 So. 2d 392, 405 (Ala. 2000).

Crews does not dispute that the Officers were acting within the scope of their discretionary authority as law enforcement officers, but contends that the Officers are not entitled to state agent immunity because they did not have a valid or legally obtained search warrant, a right to damage his property, or a right to deprive him of his property without his consent. Doc. 6 at 4-5. The warrants at issue describe the specific property to be searched and evidence to be seized, find

probable caused based on the supporting affidavit of a detective, and are signed by a circuit judge of the county in which the search and seizure were executed.[4] Docs. 2-2, 2-3. Accordingly, the warrants are facially valid. *Fleming v. Barber*, 383 F. App'x 894, 897 (11th Cir. 2010). Crews has plead no facts, other than conclusory assertions that the warrants were invalid and obtained illegally, which could support an inference that the Officers acted maliciously or in bad faith by searching Crews' property. *See* docs. 1 at 4-5; 6 at 5. Nor has Crews plead any factual allegations giving rise to an inference that the Officers maliciously damaged his property or deprived him of his property. *See* doc. 1. Accordingly, Crews's state law claims against the Officers are due to be dismissed.

## IV. CONCLUSION

For the reasons stated above, both motions to dismiss, docs. 2 and 3, are **GRANTED**. All claims against Mayor Tuck, the Tarrant Police Department and the Officers are **DISMISSED WITH PREJUDICE**.

120 days have passed since Crews filed this lawsuit and Crews has yet to serve the remaining Defendants in this case. In light of this fact, the court's finding

---

[4] The court may consider these warrants because they are referenced in Crews' complaint and central to his § 1983 claim. *Brooks v. Blue Cross & Blue Shield of Florida*, No. 95-405-CIV-MARCUS, 1995 WL 931702, at *5 (S.D. Fla. Sept. 22, 1995), *aff'd sub nom. Brooks v. Blue Cross & Blue Shield of Florida, Inc.*, 116 F.3d 1364 (11th Cir. 1997) ("[W]here the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal, and the defendant's attaching such documents to the motion to dismiss will not require conversion of the motion into a motion for summary judgment") (citations omitted).

that the § 1983 claim accrued in March 2014, and the fact that the court will not exercise supplemental jurisdiction over Crews' state law claims against the Hatcher Defendants, Crews has until January 30, 2018 to show cause why the court should not dismiss his claims against these Defendants without prejudice for failure to prosecute, *see* FRCP 4(m), or for lack of jurisdiction.

**DONE** the 26th day of January, 2018.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE